IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2017

**STATE OF TENNESSEE v. PATRIC POPE**

**Appeal from the Circuit Court for Maury County**
**Nos. 16944, 16945     Stella L. Hargrove, Judge**

_____

**No. M2017-01040-CCA-R3-CD**

_____

The pro se Defendant, Patric Pope, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Patric Pope, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On November 19, 2008, the Defendant entered an open <u>Alford</u> guilty plea in the Maury County Circuit Court in case number 16945 to aggravated robbery, with the sentencing to be determined by the trial court. The guilty plea agreement reflects that the State recommended that the Defendant be sentenced concurrently with his eleven-year sentence in case number 16944. Also included on the guilty plea agreement was the notation: "Defendant receives jail credit starting at 8/2/06 reserved until sentencing[.]"

At sentencing, the trial court rejected the State's recommendation of concurrent sentencing and sentenced the Defendant to ten years in the Department of Correction, to

be served consecutively to his eleven-year sentence in case number 16944. The judgment form for case number 16945 reflects jail credits from August 2, 2006, through June 26, 2008. The judgment form for count one of case number 16944 also reflects jail credits from August 2, 2006, through June 26, 2008, the date that the judgments in case number 16944 were entered.

On April 18, 2017, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the Defendant alleged that he had not received all the jail credits listed in his judgments. He further asserted that the jail credits were a material part of his plea agreement and that, if not awarded all the jail credits reflected in his judgments, he should be allowed the opportunity to withdraw his guilty plea.

On May 4, 2017, the trial court entered an order in which it granted the Defendant's motion to the extent of ordering an amended judgment in case number 16945 "to reflect no pretrial jail credits." The court noted that it had exercised its discretion in rejecting the State's sentencing recommendation and had ordered the Defendant's ten-year sentence in case number 16945 to be served consecutively to his eleven-year sentence in case number 16944, which meant that the pretrial jail credit applied only to case number 16944.

## ANALYSIS

The Defendant argues on appeal, as he did before the trial court, that he is entitled to pretrial jail credits for both cases or, in the alternative, the opportunity to withdraw his guilty plea in case number 16945. The State responds by arguing that the Defendant has not asserted a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

A trial court's failure to award pretrial jail credits does not render a sentence illegal and is, thus, "insufficient . . . to establish a colorable claim for relief under Rule 36.1." Brown, 479 S.W.3d at 213. By ordering an amended judgment for case number

16945 to reflect that no pretrial jail credits were awarded in that case, the trial court acted properly to correct the error on the judgment. See, e.g., State v. Anthony L. Moore, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 (Tenn. Crim. App. Sept. 13, 2017) (noting that trial court properly awarded pretrial jail credits on only one of a defendant's convictions when ordering consecutive service of the sentences).

The Defendant's assertion that the jail credits were a material part of his plea is belied by the plea agreement, which clearly reflects that sentencing and jail credits were to be left to the trial court's determination. Regardless, we agree with the State that a claim of an involuntary plea does not render the sentence illegal and, thus, does not present a cognizable claim for Rule 36.1 relief. See Wooden, 478 S.W.3d at 595.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

- 3 -